**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ClaimSolution Incorporated, | No. CV-23-02379-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| TheBest Claims Solutions Incorporated, et al., | |
| Defendants. | |

Before the Court is Defendant's Motion for Leave to Supplement its Motion for Summary Judgment and Response to Plaintiff's Motion for Partial Summary Judgment with ten declarations from individuals authenticating the evidence attached to Defendant's briefs. (Doc. 59.) Plaintiff has filed a response in opposition (Doc. 61), and Defendant filed its reply (Doc. 62). For the following reasons, the Court will grant the motion.

## I.

Whether to grant a motion to supplement is a matter within the court's discretion. *Resilient Floor Covering Pension Tr. Fund Bd. of Trs. v. Michael's Floor Covering, Inc.*, 801 F.3d 1079, 1088 (9th Cir. 2015) (reviewing denial of a motion to supplement for abuse of discretion). "In deciding whether to grant a motion to supplement the record, district courts consider whether the evidence the party is seeking to admit is relevant and also consider whether the motion is made in good faith and whether allowing supplementation would unfairly prejudice the non-moving party." *Udd v. City of Phoenix*, No. CV-18-01616-PHX-DWL, 2020 WL 1904638, at *2 (D. Ariz. Apr. 17, 2020) (citations omitted).

## II.

The Court finds that the supplemental evidence is relevant to the admissibility, and therefore consideration, of the evidence attached to Defendant's motion for summary judgment. "A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). Generally, "[u]nauthenticated evidence cannot be considered in ruling on a motion for summary judgment because authentication is a 'condition precedent to admissibility.'" *United States ex rel. Thomas v. Touchstone Behav. Health*, No. CV-22-00512-PHX-JAT, 2025 WL 821751, at *10 (D. Ariz. Mar. 13, 2025) (citing *Orr*, 285 F.3d at 773). Because the supplemental evidence authenticates existing evidence, it is relevant.

With relevance satisfied, the Court must next determine whether the request is made in good faith or would unfairly prejudice Plaintiff if granted. As to the latter, the Court finds that supplementation will not unfairly prejudice Plaintiff. Contrary to Plaintiff's assertions, Defendant does not seek to admit new substantive evidence. Rather, the supplemental evidence consists of affidavits that authenticate evidence already filed in Defendant's briefs. Because Plaintiff has had an opportunity to respond to the substance of Defendant's proffered evidence, it will not be prejudiced if Defendant's request is granted. *See Pourny v. Maui Police Dep't, Cnty. of Maui*, 127 F. Supp. 2d 1129, 1139 (D. Haw. 2000) (finding no prejudice to the plaintiff because the supplement "did not add any new exhibits [but] merely buttressed the authentication of exhibits previously submitted").

Lastly, the Court observes that there is no indication Defendant's motion was made in bad faith or due to a lack of diligence. The Court admonishes Defendant for failing to include the authenticating affidavits either with its summary judgment motion on March 14, 2025, or its response brief filed April 2, 2025. But Defendant appears to have been making conscious and deliberate efforts to supplement since becoming aware of its error. On April 24, 2025, Defendant notified Plaintiff's counsel of its intent to supplement which may have been communicated as early as April 3, 2025. (*See* Doc. 61 at 6.) Therefore, the Court will grant the motion.

**III.**

**IT IS ORDERED** that Defendant's Motion to Supplement (Doc. 59) is granted.

Dated this 2nd day of June, 2025.

Michael T. Liburdi
United States District Judge